UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA                    JUDGMENT INCLUDING SENTENCE
           -v-                              UNDER THE SENTENCING REFORM ACT

MICHAEL ADAMS                               CASE NUMBER:CR-03-1368(ARR)
----------------------------------------x   WILLIAM E. WEBER, ESQ
                                            2509 AVENUE U
                                            BROOKLYN, NEW YORK 11229
                                            Defendant's Attorney & Address

THE DEFENDANT:
XXX   pleaded guilty to count one & two of the superseding indictment.
      Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

TITLE & SECTION            NATURE & OFFENSE              COUNT NUMBER(S)
21 USC 952(a), 963,        CONSPIRED TO IMPORT                ONE (1)
    960(a)(1) &            5 KILOGRAMS OR MORE OF COCAINE AND 50 KILOGRAMS OR MORE
    960(b)(1)(B)           OF MARIJUANA.
21 USC 846 &               CONSPIRED TO POSSESS              TWO (2)
    841(b)(A)(ii)(II)      WITH INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE
                           AND 50 KILOGRAMS OR MORE OF MARIJUANA.

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___   The defendant has been found not guilty on count(s)        and is discharged as
      to such count(s).
XXX   Remaining counts are dismissed on the motion of the United States.
XXX   It is ordered that the defendant shall pay to the United States a special
      assessment of $200.00 which shall be due  XXX  immediately  ___  as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____              APRIL 11, 2006
                                          Date of Imposition of Sentence
Defendant's Date of Birth 9/20/71

Defendant's Mailing Address:              ALLYNE R. ROSS, U.S.D.J.

116-26 222nd STREET                            APRIL 11, 2006
                                                   Date
CAMBRIA HEIGHTS, NEW YORK 11411
                                          A TRUE COPY ATTEST
Defendant's Residence Address:            Date:_____
                                          ROBERT C. HEINEMANN
     ( SAME AS ABOVE )                        CLERK OF COURT

                                          By:_____
                                              DEPUTY CLERK

Defendant: MICHAEL ADAMS  Judgment - Page     of
Case Number: CR-03-1368(ARR)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred eighty (180) months. Both counts are to run concurrently.

**XXX**   The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT BE HOUSED AT THE FACILITY IN OTISVILLE.

___   The defendant is remanded to the custody of the United States Marshal.
___   The defendant shall surrender to the United States Marshal for this district,
        ___   at _____ a.m./p.m. on _____.
        ___   as notified by the Marshal.

___   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
        ___   before 12:00 noon on _____.
        ___   as notified by the United States Marshal.
        ___   as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

Defendant: MICHAEL ADAMS  Judgment - Page    of
Case Number: CR-03-1368(ARR)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL NOT POSSESS ANY FIREARMS.

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 200.00    , consisting of a fine of $   N/A        and a special assessment of $ 200.00                    .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

       This sum shall be paid ___ immediately
                                 ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

               ___ The interest requirement is waived.
               ___ The interest requirement is modified as follows:

THE COURT: First addressing the guidelines, the parties have stipulated to a base offense level of 36, a managerial role enhancement of three levels and a deduction of acceptance of responsibility of three levels.

There was no stipulation with respect to the guidelines enhancement for abuse of position of trust. However I found following an evidentiary hearing that the government's evidence failed to establish by a preponderance the first of the two requisites of the enhancement, that is that law enforcement authorities had in fact reposed trust in Mr. Adams and other airport employees involved in the charged crimes.

Accordingly, I find that under the advisory guidelines, defendant's adjusted offense level is 36, carrying a range of imprisonment of 188 to 235 months.

In determining an appropriate sentence in Mr. Adams' case, I have considered the advisory guideline.

Turning to the nature and circumstances of his offenses, defendant's crimes were undeniably serious ones. While I do not view him within the very highest level of culpability of defendants involved in the importation schemes in that he generally acted at the behest of others, most notably Brown, and was not the primary organizer of most importations, the exceptions being the relatively less serious importation schemes, he was indeed ubiquitous. He was

directly or indirectly responsible for recruiting innumerable airport workers into these drug importation conspiracies. He played a significant supervisory role in many albeit not all of the schemes and took an active interest in assisting the highest echelon players, again primarily Brown in developing other importation schemes involving new source countries, different airlines and different methods of importation.

Significantly too, although I found that the evidence failed to support the traditional guidelines enhancement for abuse of position of trust in committing these crimes, defendant made full use of his position as an airport worker which even absent the actual reposing of trust by law enforcement is nonetheless a very sensitive position due to the enhanced societal dangers created by corruption at a major international port or airport such as JFK.

In my view, this circumstance exacerbates the seriousness of defendant's conduct. Similarly exacerbating seriousness of the defendant's offenses is his responsibility for corrupting so many other airport workers who joined in the illegal schemes.

On the other hand, although defendant possessed a gun, there is no evidence that he used it in connection with these crimes or engaged in any form of violence.

Turning to the history and characteristics of the defendant, Mr. Adams is a 34 year old naturalized citizen with

no prior convictions or arrests. From a relationship in the early 1990s, he has a 12 year old son whose mother confirms that defendant provided financial assistance whenever requested in amounts ranging from 250 to $500.

Defendant is married to a woman with various physical and psychological problems who has a 15 year old child from a prior relationship and an eight year old child with the defendant.

Defendant's wife works as a developmental aid for the State of New York, earning approximately $26,000 a year. Her earnings supplemented by the financial help of defendant's parents apparently should suffice to support her and the children.

Based on a review of all of the facts and circumstances of defendant's history and offenses, I believe that a sentence of 180 months or 15 years imprisonment is of sufficient but no greater severity than necessary to accomplish the goals of sentencing st forth in Section 3553(a). 15 years imprisonment is undeniably severe and I believe amply serves the goal of just punishment for the extremely serious offenses committed by the defendant.

I believe this sentence is also of sufficient severity to serve as a deterrent to other airport employees who might otherwise succumb to the temptation to corrupt their sensitive positions for pecuniary or other person gain.

1        As to specific deterrents, prevention of recidivism
2 and protection of the public from defendant's conduct,
3 defendant will not be released from prison until he is almost
4 50 years old and will no doubt never again be placed in a
5 position of being able to engage in criminal conduct of this
6 nature, the only criminal conduct defendant is known to have
7 committed.
8        Further, the selected sentence will not in my view
9 engender unwarranted sentencing disparities. While the noted
10 term of incarceration falls just below the advisory sentencing
11 guideline, I note that under the sentencing statute, I would
12 not arrive at a different sentence even if the advisory
13 guidelines were higher.
14        Therefore, on both counts I sentence Mr. Adams to
15 the custody of the Attorney General for a period of 180 months
16 to run concurrently. As I understand it, there is no
17 forfeiture.
18        Is that correct?
19        MR. RAMOS: No, your Honor.
20        THE COURT: To be followed by a five year period of
21 supervised release, special condition that I prohibit the
22 possession of a firearm. I make a finding that he is unable
23 to pay a fine but I will impose the mandatory 200-dollar
24 special assessment.
25        Mr. Adams, a defendant may appeal the sentence. You

1 discuss that with Mr. Weber. If you choose to appeal, a
2 notice of appeal must be filed within 10 days. If you
3 couldn't afford a lawyer, a lawyer would be appointed to
4 represent you on appeal.
5     THE DEFENDANT: Yes, your Honor.
6     MR. RAMOS: My recollection is that he pleaded to
7 the superseding indictment. We ask that you dismiss the prior
8 indictment.
9     THE COURT: The application is granted.
10    MR. WEBER: Judge, defendant has asked that the
11 Court recommend Otisville.
12    THE COURT: Yes.
13    Otisville?
14    MR. WEBER: Yes, judge.
15    THE COURT: I'll make a recommendation.
16    MR. WEBER: Just on the record, the defendant has
17 asked me to put on the record that he is going to appeal.
18    THE COURT: That is fine.
19    (Matter concluded.)
20
21
22
23
24
25